*J. B. Julian*, *M. Wilson*, *J. S. Newman* and *J. P. Siddall*, for the appellants.

*O. P. Morton* and *J. F. Kibbey*, for the appellee.

---

### KORTEPETER and Another *v.* LIST and Others.

Suit by the payees of a bill of exchange against the drawer and acceptor; the bill having been indorsed by the payees, and returned unpaid. The drawer answered, that he, together with said payees, were sureties for the acceptor, and known to each other as such; and that he had paid his contributive share to the holder. The Court instructed the jury that the drawer was liable to reimburse the payees, notwithstanding he may

May Term,
1861.

KORTEPETER
v.
LIST.

Thursday,
June 6.

have been only an accommodation drawer; and that the plaintiffs, as indorsers, having mutually contributed to pay the bill, could, by mutual consent, have their names inserted as payees, in the blank left for the name of the payee.

*Held,* that the instruction was erroneous, for assuming that the plaintiffs were not original parties to the bill, but indorsers only, and that a blank had been left in the bill, as to the name of the payee, which was filled up after its dishonor.

*Held,* also, that as the pleadings showed the controversy to be between the drawer and drawees of a bill, the consideration could be inquired into.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—Suit by the appellees, as payees of a bill of exchange, against the appellants, as drawer and acceptor thereof. The bill had been indorsed by plaintiffs, and returned to them unpaid.

*Kortepeter,* the drawer, answered that he, together with said payees, were but sureties of said acceptor, and known to each other as such; that is, that the acceptor was indebted to one *Harrison,* and to enable him to discharge the same, said bill was so drawn and accepted; and that upon its dishonor, he had paid to the holder his contributive share. Reply: that the debt to *Harrison* was the debt of the drawer and acceptor of the bill, who had made it as partners, and each contributed in procuring plaintiffs to lend their names, promising that the same should be met at maturity; and that *Kortepeter* was not a mere surety or accommodation drawer.

This is the substance of the answer and reply, upon this point.

The Court, among other things, instructed the jury that "the defendants, as acceptor and drawer of the bill of exchange, are liable to the indorsers to reimburse them; and *Kortepeter* is thus liable, notwithstanding he may have been but an accommodation drawer for *Croas,* (the acceptor,) and had no interest in common with him in relation to the bill, or the purpose for which its proceeds were designed; and if the plaintiffs, as such indorsers, have mutually contributed to paying off the bill (except the portion paid by *Kortepeter,*) the plaintiffs could by mutual consent have their names inserted as payees of said bill, in the blank left for the name of the payee, and recover thereon jointly. But to entitle them to a

judgment against *Kortepeter*, the plaintiffs must prove, in addition, the presentment of the bill, within the usual business hours, at, &c., and that notice had been given to him."

This instruction was erroneous, for assuming as true, that the plaintiffs were not original parties to the bill, but indorsers only, and that a blank had been left in the bill, as to the name of the payee, which was filled after its dishonor, as indicated in the instruction. So far as the bill showed, or the pleadings, this was a controversy between the drawer and drawees of a bill, and the consideration could, therefore, be inquired into. 1 Parsons on Cont., p. 215, and note.

We are not able to perceive but that the jury, in returning their verdict for the plaintiffs, may have been misled by this charge.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*D. McDonald* and *C. M. Walker*, for the appellants.
*R. L. Walpole* and *K. Ferguson*, for the appellees.